IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RONALD LEE GREEN,** | ) | CASE NO. 7:20CV00320 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **C/O OWENS,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Plaintiff Ronald Lee Green, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison official made inappropriate sexual remarks to him.  Upon review of the record, the court concludes that the action must be summarily dismissed for failure to state a claim.

At the time Green filed this action in June 2020, he was confined at Keen Mountain Correctional Center, although he has since been transferred.  Green alleges that on April 22, 2020, Officer J. Owens came to his cell and asked to see Green's large penis.  According to Green, Owens expressed a preference for sex with black men.  Owens also allegedly offered to send money to an outside bank account for Green in exchange for sex and also promised to pay Green for sex after his release from prison.  As relief in this action, Green seeks monetary damages.

Section 1983 permits a party to file a civil action against a person for actions taken under color of state law that violated the party's constitutional rights.  Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim.  Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).  Mere words alone, however offensive or disrespectful, do not state any constitutional claim.  Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (finding that officers' alleged use of "racial epithets" toward plaintiff did not "by itself

rise to the level of a constitutional violation"); Keyes v. City of Albany, 594 F. Supp. 1147, 1155-56 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim" or support a claim of race discrimination.).

Green's allegations describe verbal comments by Owens and nothing more.  While such racially and sexually offensive remarks are disrespectful and disturbing, if true, and highly unprofessional, they are not sufficient to form the factual basis of an actionable constitutional claim of any sort.  Such actions may violate Virginia Department of Corrections procedures.  Allegations that defendants failed to follow their own policies or procedures, however, do not amount to constitutional violations.  United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state official's failure to abide by that law is not federal issue).

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  A claim may be dismissed as frivolous if it is "based on an indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 327 (1989) (applying earlier version of 28 U.S.C. § 1915(d) regarding dismissal of claim as frivolous).  For the stated reasons, the court concludes that Green's claims of distasteful sexual comments fall squarely within this category and must be summarily dismissed, pursuant to § 1915A(b)(1), as frivolous.  An appropriate order will issue herewith.

**ENTER**: This \_\_17th\_\_ day of November, 2020.

_____
Senior United States District Judge